UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THERESA GRATSCH,**

        **Plaintiff,**

Case No. 08-14765

Hon. Victoria A. Roberts

v.

**UNIVERSITY OF MICHIGAN REGENTS,**

        **Defendants.**

_____

**ORDER GRANTING MOTION TO REMAND**

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Amended Motion to Remand [Doc. #9] filed December 10, 2008.  Defendant filed a Response [Doc. #12] and Plaintiff filed a Reply [Doc. #13].  The Court orders that the motions will be decided upon the briefs. E.D. Mich. LR 7.1(e)(2).

The Court GRANTS Plaintiff's Motion.

**II.  BACKGROUND**

This is an employment discrimination action originally filed in the Washtenaw County Circuit Court.  Plaintiff, a research investigator in the University of Michigan's Department of Cell and Developmental Biology, filed suit under the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2201 *et seq.*, alleging she suffered an adverse employment action on account of gender.  Specifically, Plaintiff alleges Defendant refused to act on her invention disclosure involving transgenic mice, but

1

subsequently acted favorably on the same invention submitted by a male researcher. Complaint at ¶ 31. Plaintiff says this male professor pirated her research and conclusions and passed it off as his own. Complaint at ¶ 36. She also says that Defendant, despite knowing gender was a determining factor in the differential treatment, failed or refused to appropriately credit Plaintiff for her invention or otherwise take action on her behalf. Complaint at ¶ 37.

Defendant timely removed to federal court, asserting that this Court has jurisdiction because a necessary element of Plaintiff's discrimination claim involves resolution of issues arising under the United States Patent Act ("Patent Act"), 35 U.S.C. § 1 *et seq.,* i.e., whether Plaintiff's invention was patentable.

Plaintiff filed a Motion to Remand. Plaintiff asserts this action was improperly removed because actions are not removable under 28 U.S.C. § 1441 on the basis of a defense provided by federal law. Plaintiff says her claim does not arise under federal law because she alleges only a difference in treatment on the basis of sex with respect to one of the privileges of her employment. Defendant opposes the Motion.

### III.   STANDARD OF REVIEW

In reviewing a motion to remand, the court must be mindful of the scope of the federal jurisdictional statutes and the overriding constitutional limits to federal district court jurisdiction. The removing party has the burden to prove that the federal district court has jurisdiction. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Courts construe removal statutes narrowly, resolving uncertainties in favor of remand. *Her Majesty the Queen of Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

**IV.     CASE LAW AND ANALYSIS**

Federal courts are courts of limited jurisdiction conferred by Article III of the United States Constitution and the Acts of Congress. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983). Actions brought before the state court may be removed to the federal court only if the suit could have been originally brought before the federal court. 28 U.S.C. § 1441; See *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). Section 1441 must at all times be strictly construed out of regard for the "rightful independence" of state courts. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 85 L. Ed. 1214, 61 S. Ct. 868.

In its notice of removal, Defendant relies on 28 U.S.C. § 1338(a) as the source of jurisdiction. It provides:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

Defendant bears the burden to establish that Plaintiff's claims "arise under" the federal patent, copyright and trademark laws. See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 66 L. Ed. 144, 42 S. Ct. 35 (1921); see also 14A C. Wright, A. Miller & E. Cooper,  Federal Practice and Procedure § 3721, at 209-10 (2d ed. 1985).

The United States Supreme Court considered the scope of § 1338 in *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988). In *Christianson*, the defendant appealed a district court order granting summary judgment for the plaintiff in an antitrust and tortious interference with business

3

relationships action. The plaintiff brought suit against a gun manufacturer seeking damages and injunctive relief for violations of the Sherman Act, 15 U.S.C. §§ 1 and 2, and for tortious interference with business relationships under state law. In the complaint, the plaintiff alleged he had been driven out of the business of selling M16 parts by the gun manufacturer's tactics and communications to others. The complaint also included allegations that unless the gun manufacturer's basic and improvement patents relating to the M16 -- many of which had already expired -- were invalid, anyone with ordinary skill in rifle making could use the technology of the patents upon their expiration. After several re-transfers based on a jurisdictional dispute between the Court of Appeals for the Seventh Circuit and the Court of Appeals for the Federal Circuit, the latter court adhered to its prior conclusion that it lacked jurisdiction over the appeal and reversed the district court's grant of summary judgment for the plaintiff.

On certiorari, the Supreme Court vacated the appellate judgment and held, pursuant to the well-pleaded complaint rule, that the Court of Appeals for the Federal Circuit lacked jurisdiction over the appeal since the claims did not arise under federal patent law. Citing *Franchise Tax Board*, 463 U.S. at 27-28, the Court explained that § 1338 jurisdiction extends to "only those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." *Id.* at 809. The Court noted that the well-pleaded complaint rule focuses on claims, not theories. Thus, the Court stated that a claim supported by alternative theories in the complaint may not form the basis for § 1338 (a) jurisdiction unless patent

4

law is essential to each of those theories. *Id.* at 810. Although a patent law issue was necessary to at least one theory under that plaintiff's claims, since there were reasons unrelated to the provisions and purposes of patent law why the plaintiff might or might not be entitled to relief, the claims did not "arise under" patent law.

Here, Defendant argues that "since Plaintiff's Elliott-Larsen claim necessarily depends on the resolution of substantial questions under the Patent Act, it is properly removable to this Court." Defendant's Notice of Removal at ¶ 4. Defendant cites *Air Measurement Tech., Inc. v. Akin Gump Strauss Hauer & Feld*, LLP, 504 F.3d 1262 (Fed. Cir. 2007) and *Immunocept v. Fulbright & Jworski LLP*, 504 F.3d 1281 (Fed. Cir. 2007), both legal malpractice cases, as examples where federal case law supports removal of state-law claims which involve the resolution of substantial questions of federal patent law. Defendant contends this case is comparable because Plaintiff will have to show that her invention was patentable to show various elements of the *McDonnell Douglas* burden-shifting framework. Defendant's reliance on these legal malpractice cases is misplaced.

In Michigan, to state a claim for legal malpractice, a plaintiff must show: "(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was the proximate cause of an injury; and (4) the fact and extent of the injury alleged." *Manzo v. Petrella*, 261 Mich. App. 705, 712; 683 N.W.2d 699 (2004), lv den 472 Mich. 865 (2005). To establish proximate cause, a plaintiff must show that the defendants' act was the cause in fact of the injury. *Id*. "Hence, a plaintiff must show that, but for an attorney's alleged malpractice, the plaintiff would have been successful in the underlying suit." *Id*. This requirement has been

referenced as the "suit within a suit," or "case within a case," doctrine. *Id*. See also, *Coble v. Green*, 271 Mich. App. 382, 387; 722 N.W.2d 898 (2006).

In the context of legal malpractice suits involving patent litigation or drafting mistakes, the "case within a case" doctrine requires the plaintiff to show the merit of the patent infringement claim or patent claim scope. Since federal patent law must be applied to determine those issues, it follows that such cases confer exclusive jurisdiction on the federal court under § 1338(a). This is so because the plaintiff's right to relief depends on a substantial question of patent law, i.e., whether the plaintiff's patent claims are valid and he would have been successful in the underlying patent suit. This is not necessarily so in a discrimination action.

Defendant also asserts that the Federal Circuit has routinely held that other state-law claims were properly removed to federal court when the plaintiff's right to relief necessarily depended on the resolution of a substantial question of federal patent law. To support this argument, Defendant relies on *Univ. Of W. Va. v. VanVoorhies*, 278 F.3d 1288, 1295 (Fed. Cir. 2002) (§ 1338 jurisdiction is proper where a claim alleging breach of duty to assign a patent requires resolution of the disputed patent application); *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 986 F.2d 476, 477-78 (Fed. Cir. 1993) (a business disparagement claim that requires proof of patent non-infringement confers § 1338 jurisdiction); and *U.S. Valves, Inc. v. Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000) (a breach of contract claim requiring proof of patent infringement confers § 1338 jurisdiction).

In *VanVoorhies*, 278 F.3d at 1288, the plaintiff appealed a decision granting the university's motion for summary judgment that he breached his duty to assign certain

patent applications to the university.  The material question was whether the plaintiff was obligated to assign a new patent application to the university under an earlier invention assignment which extended to all continuation-in-part ("CIP") applications relating to the earlier invention.  The court ruled that while questions of contract law were state law matters, the case hinged on whether the second application was a CIP of the earlier application -- a question of patent law interpreted under federal law.

Similarly, in *Adcon*, 986 F.2d at 476, the plaintiff challenged the denial of its motion for remand.  The complaint alleged that defendant disparaged plaintiff's business by sending letters to plaintiff's customers warning that a flow meter sold by plaintiff infringed upon defendant's patent for a similar product.  The complaint disputed infringement and alleged that plaintiff suffered financial losses due to defendant's actions.  The court ruled that because Texas law required the plaintiff to prove falsity of the allegedly disparaging statements, plaintiff had to show that its product did not infringe on defendant's patent.  Because plaintiff's right to relief depended on resolution of a substantial question of patent law, the federal court had jurisdiction over the claim.

Likewise in *U.S. Valves, Inc.*, 212 F.3d at 1368, both parties appealed a district court judgment in a dispute over an exclusive license agreement for the sale of valves. The plaintiff alleged the defendant sold valves in contravention of plaintiff's exclusive rights under the agreement.  The court ruled that to show defendant sold valves in violation of the agreement, plaintiff had to show defendant sold valves that were covered by the licensed patents. Since some of the valves sold by defendant were of a different sliding ring variety, the court had to interpret the patents and determine whether the sliding ring valve infringed the patents.  Thus, patent law was a necessary

element of plaintiff's breach of contract claim and the Court of Appeals for the Federal Circuit asserted jurisdiction.

By contrast, Plaintiff says this Court lacks original jurisdiction because she does not claim that any of her rights under the patent laws were violated. Unlike the cases cited by Defendant, all of which involved issued patents and questions regarding their scope or validity, Plaintiff's claim does not involve an existing patent and the patent issue is only incidentally implicated. Plaintiff recognizes that a patent confers no rights until the patent issues. See *Marsh v. Nichols, Shephard & Co.*, 128 U.S. 605, 612, 9 S. Ct. 168, 32 L. Ed. 538 (1888).

Plaintiff also says the Court lacks jurisdiction because the patentability of her co-invention is not a "necessary element" of her claim. Plaintiff says the elements of an employment discrimination claim under the ELCRA are: (1) a person was denied a benefit of employment, and (2) the denial was on the basis of a prohibited characteristic; neither of these necessarily involves a question of patent law. She asserts that Defendant incorrectly treats the *McDonnell Douglas* framework, which is merely a method of proving discrimination, the same as the elements of the underlying tort. Plaintiff says patent law will only be at issue if Defendant seeks to interpose a defense that the innovation was not patentable. In any event, since there is no federal defense removal, Plaintiff says it doesn't matter if a patent issue is critical to this state-law discrimination action.

In examining discrimination claims under the ELCRA, Michigan courts adopt the analysis used in evaluating discrimination claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII"). See *Sniecinski v. Blue Cross & Blue Shield*, 469 Mich.

124, 666 N.W.2d 186, 193 (Mich. 2003) (for purposes of Michigan's Civil Rights Act, the elements of a prima facie case of unlawful employment discrimination under the *McDonnell Douglas* approach should be tailored to the facts and circumstances of each case); *Sharp v. City of Lansing*, 238 Mich. App. 515, 606 N.W.2d 424 (Mich. Ct. App. 1999) (an employer is liable under the Michigan Civil Rights Act whenever it would be liable under Title VII).

Section 202 of the ELCRA prohibits an employer from discriminating "against an individual with respect to employment . . . because of religion, race, color, national origin, age, sex, height, weight, or marital status." M.C.L. § 37.2202(1)(a). Courts recognize two broad categories of claims under this section: disparate treatment and disparate impact claims. See *Dep't of Civil Rights ex rel. Peterson v. Brighton Area Schools*, 171 Mich. App. 428, 431 N.W.2d 65 (Mich. Ct. App. 1988)(citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335-36 n. 15, 52 L. Ed. 2d 396, 97 S. Ct. 1843 (1977). Plaintiff alleges disparate treatment gender discrimination.

Disparate treatment claims may be established under ordinary principles of proof by the use of indirect or direct evidence. *Town v. Michigan Bell Tel. Co.*, 455 Mich. 688, 568 N.W.2d 64 (Mich. 1997). When a plaintiff uses indirect evidence, she must establish a "rebuttable prima facie case on the basis of proofs from which a factfinder could infer that [she] was the victim of unlawful discrimination." *Sniecinski*, 666 N.W.2d at 193; see *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). Under this test, as applied by the state of Michigan, a plaintiff may establish a prima facie case of prohibited discrimination by demonstrating that: (1) she was a member of a protected class; (2) adverse employment action was taken against

her; (3) she was qualified for the position or eligible for the particular benefit; and (4) she was treated differently than similarly-situated male employees. *Town*, 568 N.W.2d at 68.

If a prima facie case is established, the employer has the burden to come forward with a legitimate, nondiscriminatory reason for the adverse employment action. If the employer offers such evidence, the plaintiff has the burden to prove that the stated reason is merely a pretext for discrimination. This burden merges with the plaintiff's overall burden of proving the claim. *Id.*

A plaintiff alleging discrimination via direct evidence is not subject to the *McDonnell Douglas* burden-shifting framework, *Harrison v. Olde Fin. Corp.*, 225 Mich. App. 601, 572 N.W.2d 679, 683 (Mich. Ct. App. 1997), though she still must establish that she suffered an adverse employment action in order to state a claim, see *Sniecinski*, 666 N. W.2d at 193. "Direct evidence is evidence which, if believed, would prove the existence of a fact (i.e. unlawful discrimination) without any inferences or presumptions." See *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003) (direct evidence of discrimination "does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by" discriminatory animus).

Plaintiff contends she suffered employment discrimination because she is female. Thus, the initial issue in dispute, under either an indirect or a direct evidence approach, is whether she suffered an adverse employment action because of her sex. An "adverse employment action" for purposes of proving unlawful discrimination must be materially adverse in that it is more than a "mere inconvenience or an alteration of job responsibilities," and "must have an objective basis for demonstrating that the

10

change is adverse, rather than the mere subjective impressions of the plaintiff." *Meyer v. City of Center Line*, 242 Mich. App. 560, 619 N.W.2d 182, 188 (Mich. Ct. App. 2002)(citing *Wilcoxon v. Minnesota Mining & Mfg. Co.*, 235 Mich. App. 347, 597 N.W.2d 250, 258 (Mich. Ct. App. 1999)).

According to Michigan courts, a "materially adverse" employment action includes: termination of employment; demotion evidenced by a decrease in wage or salary; a less distinguished title; a material loss of benefits; significantly diminished material responsibilities; or other indices that might be unique to a particular situation. *Wilcoxon*, 597 N.W.2d at 258. Plaintiff alleges several materially adverse actions, namely, lack of assistance with obtaining a patent for her co-invention, loss of professional recognition, loss of grant funds and academic remuneration, and loss of commercial opportunities. Plaintiff notes that assistance with obtaining patent protection is only one of the many benefits of a commercial development program, and that a patent is not an absolute requirement to commercially developing an innovation.

Defendant argues that assuming assistance with patent protection is an employment benefit, in order to be eligible for that benefit, Plaintiff's invention would have to be patentable. Defendant says the only way to determine if Plaintiff was entitled to patent-protection assistance from Defendant is by answering these questions under the Patent Act: (1) whether Plaintiff's invention was new and useful as required by 35 U.S.C. § 101; (2) whether Plaintiff's invention would have been barred by the novelty and non-obviousness provisions of 35 U.S.C. §§ 102 and 103; and (3) whether her invention meets the requirements of 35 U.S.C. § 112. Defendant also says one of the elements of a prima facie case is that Plaintiff was eligible for the benefit.

11

However, as Plaintiff aptly notes, the necessity of using the burden shifting framework is conditional, and there will be no need to show a prima facie case or refute the claim of justification if she presents direct evidence. Federal case law holds, and Michigan courts agree, that the *McDonnell Douglas* evidentiary framework does not apply when a plaintiff presents direct evidence of discriminatory animus. *Kresnak v. Muskegon Heights*, 956 F. Supp. 1327 (WD Mich, 1997); see also *Matras v. Amoco Oil Co*, 424 Mich. 675, 683-684; 385 N.W.2d 586 (1986). "Direct evidence and the *McDonnell Douglas* formulation are simply different evidentiary paths by which to resolve the ultimate issue of [the] defendant's discriminatory intent." *Blalock v. Metals Trades, Inc*, 775 F.2d 703, 707 (6th Cir. 1985).

Plaintiff alleges the department chair admitted to her co-inventor that the favorable treatment of the male researchers was a gender issue. *Complaint at* ¶ 26. Nonetheless, he took no action on Plaintiff's behalf. *Complaint at* ¶ 28. She says this is direct evidence of discrimination. The Court agrees.

But even under the *McDonnell Douglas* burden-shifting framework, Plaintiff says differential patentability would not arise because she alleges her invention and that of her male colleagues was the same, and she is entitled to the same benefits enjoyed by male researchers. The complaint alleges Defendant treated a request to the Technology Transfer Program from males more favorably than a request from Plaintiff and her female superior. Thus, to present a prima facie case under *McDonnell Douglas*, Plaintiff would merely have to show that she was treated differently than similarly situated male researchers who presented such requests. This would include showing that Defendant had a commercial development policy; that the policy was

applicable to her; that the policy outlined the University's procedures relative to the submission of invention disclosures, the evaluation of inventions, the treatment of disclosure disputes, and the preparation, filing and prosecution of patent applications; that the policy was not followed with respect to her invention disclosure; and that the policy was followed with respect to the male researchers who she says pilfered her invention.

If it is found that Plaintiff was not eligible to participate in the program or did not follow the procedures outlined in the University's policy, then the issue of whether the invention was patentable is irrelevant.  If it is found that Plaintiff was eligible to participate in the program, properly followed procedures, and was treated adversely because of gender, then the patentability of the invention might be determinative on the issue of damages since her claim presumably would be more valuable if her co-invention was patentable.  This does not, however, make patent law a necessary element of Plaintiff's claim. See *Consolidated World Housewares, Inc. v. Finkle*, 831 F.2d 261, 265, 4 USPQ2d 1565, 1568 (Fed. Cir. 1987) ("as this court has repeatedly said, the mere presence of a patent issue cannot of itself create a cause of action arising under the patent laws. . . . That a contract action may involve a determination of the true inventor does not convert that action into one 'arising under' the patent laws.")

Defendant fails to appreciate the distinction between a patent claim which arises under federal statutes relating to patents and which requires the court to interpret the validity and scope of a particular patent within § 1338, and a state law claim in which patent issues are merely incidentally implicated. *Boggild v. Kenner Products, Division of CPG Products Corp.*, 853 F.2d 465, 468 (6th Cir. 1988).

The Supreme Court noted that the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987). Plaintiff did so here by bringing her discrimination claim solely under the ELCRA; her claim is firmly grounded in state employment discrimination law. The fact that a determination of damages may implicate a patent issue does not change the nature of the claim, nor does it deprive the state court of jurisdiction. Defendant failed to make a meaningful showing that patent law issues are more than incidentally implicated by Plaintiff's complaint. Accordingly, the *Christianson* test for determining federal jurisdiction has not been satisfied.

## V.    CONCLUSION

The Court GRANTS Plaintiff's Motion to Remand this matter to the Washtenaw County Circuit Court. The hearing scheduled for February 4, 2009 is canceled.

**IT IS ORDERED.**

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  January 30, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 30, 2009.
>
> s/Carol A. Pinegar
> Deputy Clerk